# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 22-1785V

|  |  |
|---|---|
| DANIEL JANOSIK, Personal Representative of the Estate of ELVA JANOSIK, deceased, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: January 4, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Kimberly Shubert Davey, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON DAMAGES[1]

On December 6, 2022, Daniel Janosik ("Petitioner"), as personal representative of the estate of Elva Janosik, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that Ms. Janosik developed Guillain-Barré syndrome ("GBS") as the result of an influenza ("flu") vaccine administered to her on October 26, 2020, and that her death on December 17, 2020, was vaccine-related. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On November 15, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On January 3, 2024, Respondent filed a proffer on award of compensation ("Proffer"). Respondent represented that Petitioner agrees with the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

**Pursuant to the terms stated in the attached Proffer, I award a lump sum payment of $405,000.00 (representing $250,000.00 for the statutory benefit for a vaccine-related death, and $155,000.00 for past pain and suffering) in the form of a check payable to Petitioner, Daniel Janosik, as personal representative of the Estate of Elva Janosik.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____

)
**DANIEL JANOSIK, Personal** )
**Representative of the Estate of** )
**ELVA JANOSIK, deceased,** )
 )
**Petitioner,** )
 )   **No. 22-1785V**
**v.** )   **Chief Special Master Corcoran (SPU)**
 )   **ECF**
**SECRETARY OF HEALTH AND** )
**HUMAN SERVICES,** )
 )
**Respondent.** )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On December 6, 2022, Daniel Janosik, as personal representative of the Estate of Elva

Janosik,[1] filed a petition stating that Elva Janosik developed Guillain-Barré syndrome ("GBS"),

a Vaccine Table Injury, within the Table time frame following administration of a flu vaccine on

October 26, 2020.  Petitioner also alleged that Elva Janosik's death is a sequelae of her GBS.

On November 13, 2023, respondent filed a Rule 4(c) Report, conceding that petitioner's

claim meets the Table criteria for a GBS injury, and that Elva Janosik's death was related to her

GBS.  ECF No. 26.  The Court subsequently issued a Ruling on Entitlement finding petitioner

entitled to compensation under the Vaccine Act.  ECF No. 27.

---

[1]  Petitioner filed documentation on January 2, 2024, establishing that on June 1, 2022, he was
appointed personal representative of Elva Janosik's Estate under the laws of the State of
Tennessee. *See* Exhibit 16.  All references to petitioner herein refer solely to Daniel Janosik in
his representative capacity as the personal representative of the Estate of Elva Janosik.

**I.**     **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded

the following, and requests that the Chief Special Master's decision and the Court's judgment

award:

>  a.  a lump sum payment of **$250,000.00**, which represents compensation for the
>       statutory benefit for a vaccine-related death, and
>
>  b.  a lump sum payment of **$155,000.00**, which represents compensation for past pain
>       and suffering.

These amounts represent all elements of compensation to which petitioner would be

entitled under 42 U.S.C. § 300aa-15(a)(2), (a)(4), and (a)(1)(B).[2]  Petitioner agrees.

**II.**    **Form of the Award**

Respondent recommends that petitioner be awarded a lump sum payment of **$405,000.00**,

in the form of a check payable to petitioner, Daniel Janosik, as personal representative of the

Estate of Elva Janosik.[3]  Petitioner agrees.

>                                  Respectfully submitted,
>
>                                  BRIAN M. BOYNTON
>                                  Principal Deputy Assistant Attorney General
>
>                                  C. SALVATORE D'ALESSIO
>                                  Director
>                                  Torts Branch, Civil Division
>
>                                  HEATHER L. PEARLMAN
>                                  Deputy Director
>                                  Torts Branch, Civil Division

---

[2]  This Proffer does not include attorneys' fees and costs, which the parties intend to address after
a Damages Decision is issued.

[3]  If for some reason petitioner is not authorized by a court of competent jurisdiction to serve as
the personal representative of the Estate of Elva Janosik at the time a payment pursuant to this
Proffer is to be made, then any such payment shall be paid to the party or parties appointed by a
court of competent jurisdiction to serve as personal representative of the Estate of Elva Janosik
upon submission of written documentation of such appointment to the Secretary.

2

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

*/s/ Kimberly S. Davey*
KIMBERLY S. DAVEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 307-1815
Kimberly.Davey@usdoj.gov

Dated:  January 3, 2024