# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1785V

| | |
|---|---|
| DANIEL JANOSIK, Personal Representative of the Estate of ELVA JANOSIK, deceased,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: January 17, 2025 |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Kimberly Shubert Davey*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 6, 2022, Daniel Janosik, as personal representative of the estate of Elva Janosik ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that Ms. Janosik developed Guillain-Barré syndrome as the result of an influenza vaccine administered to her on October 26, 2020, and that her death on December 17, 2020, was vaccine-related. Petition, ECF No. 1. On January 4, 2024, I

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 37.

Petitioner has now filed a motion for attorneys' fees and costs, requesting an award of $22,419.08 (representing $21,085.50 in fees, plus $1,333.58 in costs). Application for Attorneys' Fees and Costs ("Motion") filed June 24, 2024, ECF No. 42. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred $3,841.11 in personal out-of-pocket expenses. ECF No. 43.

Respondent reacted to the Motion on June 24, 2024, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 44. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. However, I find a minor reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl.

Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

After reviewing the billing records submitted with Petitioner's request, the fees award must be reduced for redundant time expended on review of status reports, correspondence cover letters, and other cursory documents prepared by another attorney. See, e.g., ECF No. 42 at 12-16 (entries dated 3/11/23; 9/6/23; 10/23/23; 11/21/23; 12/29/23; 1/5/24; 1/9/24). I am aware that it is a common practice for Conway, Homer, P.C. to have several attorneys work on the same matter, even if one predominantly is responsible for hearings. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document (and the Conway Homer, P.C. attorneys typically bill reasonable amounts that reflect their personal expertise, with more experienced counsel needing to spend less time on matters than newer attorneys).

However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports, joint notice not to seek review, and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. And this is not the first time I or other special masters have noted this particular issue concerning Conway, Homer, P.C. billing practices. *See, e.g., Manetta v. Sec'y of Health & Human Servs.*, No. 18-172V, 2020 WL 7392813, at *2 (Fed. Cl. Spec. Mstr. Nov 19, 2020); *Lyons v. Sec'y of Health & Human Servs.*, No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020). Accordingly, Petitioner will not receive fees for redundant efforts. This results in a **reduction in the amount of fees to be awarded of $438.50.**

## ATTORNEY COSTS

Petitioner has also requested a total of $1,333.58 in attorney's costs. Petitioner has provided documentation supporting such claimed costs (ECF No. 42 at 20-33) and I find them reasonable and hereby award them in full. Additionally, Petitioner requests $3,841.11 in personally incurred out-of-pocket expenses. Petitioner incurred these costs for the sole purpose of establishing the estate of his late wife, Elva Janosik, and for the purpose of becoming appointed as the personal representative of his late wife's estate.

*Id.* at 29-35. I note that "Special masters generally award the reasonable costs of establishing an estate and appointing a representative," but not costs which are excessive or related to the administration of the estate. *Fulling v. Sec'y of Health & Human Servs.,* No. 18-1549V, 2022 WL 3023505, at *3 (Fed. Cl. Spec. Mstr. July 11, 2022); *accord. Durand v. Sec'y of Health & Human Servs.,* No. 15-1153V, 2020 WL 639372, at *6-7 (Fed. Cl. Spec. Mstr. Jan. 16, 2020). I have reviewed the billing records submitted with this request and find them to be reasonable. Respondent offered no specific objection to the rates or amounts sought. Thus, I find all requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorneys' fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $25,821.69 (representing $21,980.58 in attorney's fees and costs, plus $3,841.11 representing Petitioner's personally incurred out-of-pocket expenses) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.